NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY GUANDIQUE, AKA Henry Gerardo Guandique,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 16-73109<br><br>Agency No. A204-741-580<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

 Henry Guandique, a native and citizen of El Salvador, petitions for review of

an immigration judge's ("IJ") order affirming the Department of Homeland

Security's ("DHS") reasonable fear determination and final administrative removal

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).

DHS properly placed Guandique in proceedings pursuant to 8 U.S.C. § 1228(b), where he is an alien who has not been admitted for permanent residence who has been convicted of an aggravated felony and is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 C.F.R. § 238.1(b)(1); 8 U.S.C. § 1101(a)(43)(F) (an aggravated felony is any "crime of violence" with a sentence of at least one year); *United States v. Ayala-Nicanor*, 659 F.3d 744, 753 (9th Cir. 2011) (California Penal Code § 273.5 is categorically a crime of violence); *United States v. Calderon-Segura*, 512 F.3d 1104, 1107-08 (9th Cir. 2008) (finding a rational basis for expedited removal proceedings).

Guandique has not shown any prejudice from being placed in proceedings under 8 U.S.C. § 1228(b). He does not challenge the agency's finding that he committed an aggravated felony, and thus he does not show he would have been eligible for any discretionary relief if he had been placed in proceedings pursuant to 8 U.S.C. § 1229a, and does not challenge the determination he did not show a reasonable fear to qualify for withholding of removal or protection under the Convention Against Torture. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc) (To obtain "relief for a violation of procedural due

process rights in immigration proceedings, an alien must show that the violation prejudiced him. To show prejudice, [the alien] must present plausible scenarios in which the outcome of the proceedings would have been different if a more elaborate process were provided." (internal quotation marks and citations omitted)). For the same reason, we reject Guandique's contention that a lack of review by the Board of Immigration Appeals violated due process. *Id.*

The record does not support Guandique's contention that his rights were ignored in violation of due process and the Immigration and Nationality Act, where he received notice of the charges, he declined the opportunity to inspect evidence and rebut the charges, and he was represented by counsel before the IJ. *See* 8 U.S.C. § 1228(b)(4); 8 C.F.R. § 238.1(b)(2)(i); *Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Guandique's contention that his proceedings did not comport with requirements in 8 U.S.C. § 1228(c) is unavailing, where his proceedings were conducted pursuant to 8 U.S.C. § 1228(b).

**PETITION FOR REVIEW DENIED.**